**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

FRANCISCO EMETERIO,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

                    Plaintiff,

       v.

A & P RESTAURANT CORP.
d/b/a REMEDY DINER,
MODERN HOSPITALITY GROUP CORP.
d/b/a JAX INN DINER,
ANASTASIOS GIANNOPOULOS,
and PETER GIANNOPOULOS,

                    Defendants.

Case No.: 1:20-cv-00970
(JFM)(KHP)

-----------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Lee Litigation Group, PLLC
C. K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

**TABLE OF CONTENTS**

EXHIBITS ................................................................................................................................. iii

TABLE OF AUTHORITIES ..................................................................................................... iv

I.      PRELIMINARY STATEMENT .................................................................................1

II.     DEFENDANTS OPERATE AS A SINGLE INTEGRATED ENTERPRISE .........................................................................................................2

        A.      Related Activities ............................................................................................ 3

        B.      Common Control .............................................................................................. 3

        C.      Common Business Purpose .............................................................................. 5

III.    PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS ........................................6

IV.     PLAINTIFF IS SIMILARLY SITUATED AS COVERED EMPLOYEES .....................9

V.      ARGUMENT ............................................................................................................11

        A.      THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE ......................................................................................... 12

                i.       The Standard for Conditional Certification and Notice Is Lenient ...............................................................................................12

                ii.      The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice ...........................14

                iii.     Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification .......................................................................15

        B.      EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY ................................................................ 15

                i.       Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes .......................16

        C.      DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b) ................................................ 17

        D.      THE PROPOSED NOTICE IS FAIR AND ADEQUATE ................................ 18

        E.      NOTICE SHOULD BE TRANSLATED TO SPANISH ................................... 18

        F.      EQUITABLE TOLLING .................................................................................... 19

i

VI.     CONCLUSION...............................................................................................................19

**EXHIBITS**

**EXHIBIT A – Plaintiff's Proposed Form of Collective Notice**

**EXHIBIT B – Defendants' Active Liquor Licenses for Remedy Diner, Jax Inn**

**EXHIBIT C – Remedy Diner Employee Handbook – Receipt and Employee Info Pages**

**EXHIBIT D – Defendants' 2012-2019 Wage Notice Statements Provided to Plaintiff**

**EXHIBIT E – Remedy Diner Employee Weekly Pay Statement, Signed January 3, 2012**

**EXHIBIT F – Defendants' Timekeeping Records (Weekly Totals) for Plaintiff's 2018-2019 Workshifts**

**EXHIBIT G – Defendants' Sample Weekly Hours Timesheet and Pay Stub, for Pay Week Ending July 1, 2018**

**EXHIBIT H – Defendants' Sample Weekly Hours Timesheet and Pay Stub, for Pay Week Ending January 13, 2019**

# TABLE OF AUTHORITIES

## CASES

*Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) ................................................................................................................................... 12

*Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998)..................................... 2, 3

*Braunstein v E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1978) ............................................. 16

*Brennan v. Arnheim & Neely*, 410 U.S. 512 (1973) ...................................................................... 2

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) .................................................................. 20

*Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511 (E.D.N.Y. 2017) ...... 19

*Chao v. Gotham Registry, Inc.*, 514 F.3d 280 (2d Cir. 2008) ................................................ 19, 20

*Cook v. United States*, 109 F.R.D. 81 (E.D.N.Y. 1985) .............................................................. 16

*Cuzco v. Orion Builders, Inc.*, 477, F. Supp. 2d 628 (S.D.N.Y. 2007) ...................... 12, 13, 17, 18

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946) ....................................................................... 19

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881 (S.D.N.Y. June 30, 2008)........................................................................................................ 14

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007)...................... passim

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053 (S.D.N.Y. Apr. 26, 2000) ...................................................................................................................................... 16

*Garcia v. Chipotle Mexican Grill, Inc.*, 2016 U.S. Dist. LEXIS 153531 (S.D.N.Y. Nov. 4, 2016) ................................................................................................................................................. 9

*Garriga v. Blonder Builders Inc.*, No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887 (E.D.N.Y. Sep. 28, 2018)......................................................................................................... 9

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91 (S.D.N.Y. 2003) ........ 14, 17, 18

*Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. 2014) ...................................................... 7

*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012) ................... 11

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ................................................................................................................................. 12

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................. 11

*Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880 (S.D.N.Y. Aug. 24, 2011) ....................................................................................................................... 11

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997)......................................... 13, 15, 17

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989)................................................... 15, 16

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007).................. 12, 13, 16

*Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) ................................................................................................................................. 10

*Jason v. Falcon Data Com, Inc.*, No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011)........ 10

*Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) ...................................................................................................................................... 19

*Juarez v. 449 Restaurant, Inc.*, No. 13 Civ. 6977, 2014 WL 3361765 (S.D.N.Y. July 2, 2014) ... 5

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ...................................................................................................... 9, 13

*Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012)......................................................................................................... 10

*Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346 (E.D.N.Y. 2008) .................................. 14

*Lee v. ABC Carpet Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ...................................................... 13

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ................................. 15

*Machuca v. Villaggio Catering Corp.*, No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. Jan. 12, 2015). 5

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005) ................................................................................................................................... 14

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472 (S.D.N.Y. Nov. 29, 2005) ................................................................................................................................. 13, 14

*Mentor v. Imperial Parking Sys.*, 246 F.R.D. 178 (S.D.N.Y. 2007).............................. 12, 13, 14

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011)................................................ 11

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942) ................................................... 20

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ............................................. 17

*Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082 (S.D.N.Y Oct. 8, 2008) ................................................................................................................................... 10

*Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123 (S.D.N.Y. June 1, 2020)........ 19

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303 (S.D.N.Y. 1998) ................................................ 13

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739 (S.D.N.Y. Jan. 10, 2013) ............................................................................................................................ 11

*Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007)............................ 17

*Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006) ................................................................................................................................... 10

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28. 2007) ...................................................................................................... 13, 14, 16

*Winfield v. Citibank, N. Am.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012). ........................................ 11

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) ............................................ 15

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. May 7, 2001) ............................................................................................................................... 10, 13

## STATUTES

29 C.F.R. § 770.221 .................................................................................................................. 3

29 C.F.R. § 785.48(b) ............................................................................................................... 7

29 U.S.C. § 203(r) .................................................................................................................... 2

29 U.S.C. § 206 ...................................................................................................................... 19

29 U.S.C. § 207 ...................................................................................................................... 19

29 U.S.C. § 216(b) ............................................................................................ 1, 13, 16, 18

29 U.S.C. § 255 ...................................................................................................................... 16

29 U.S.C. § 256 ...................................................................................................................... 16

## REGULATIONS

29 C.F.R. § 779.206(a)............................................................................................................. 3

## I.   PRELIMINARY STATEMENT

On February 7, 2020, Plaintiff FRANCISCO EMETERIO ("Plaintiff") filed a Class and Collective Action Complaint against A & P RESTAURANT CORP. d/b/a REMEDY DINER, MODERN HOSPITALITY GROUP CORP. d/b/a JAX INN DINER ("Corporate Defendants") and ANASTASIO GIANNOPOULOUS, and PETER GIANNOPOULOUS ("Individual Defendants," and together with Corporate Defendants, "Defendants") seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff brought the FLSA claims on behalf of himself and all current and former non-exempt employees (including line cooks, cooks, food preparers, stock persons, counterpersons, porters, dishwashers, food runners, delivery persons, busboys, and servers), employed by Defendants within the last six (6) years ("Covered Employees"). The Class and Collective Action Complaint seeks to recover the relief set forth in the Plaintiff's Proposed Order submitted with this Motion.

By this Motion, Plaintiff seeks the following:

(1) Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b)[1] on behalf of Covered Employees;

(2) Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA;

(3) Approval of the proposed FLSA notice of this action and the consent form, attached hereto as **EXHIBIT A**;

(4) Approval of the consent forms of opt-in plaintiffs to be sent directly to Plaintiff's counsel;

---

[1]Plaintiff does not currently seek class certification of his state law claims under Fed. R. Civ. P. 23 ("Rule 23").

1

(5) Production in Excel format of names, Social Security numbers, titles, compensation rates, dates of employment, last known mailing addresses, email addresses and all known telephone numbers of all Covered Employees within 10 days of Court approval of conditional certification;

(6) Posting of the notice, along with the consent forms in each of Defendants' places of business where Covered Employees are employed; and

(7) Equitable tolling of the FLSA statute of limitations until such time that Plaintiff is able to send notice to potential opt-in plaintiffs.

**II.        DEFENDANTS OPERATE AS A SINGLE INTEGRATED ENTERPRISE**

Defendants collectively own and operate the following two restaurants in New York City:

a.   "Remedy Diner" – East Houston Street, New York, New York 10002; and

b.   "Jax Inn Diner" – 72-12 Northern Boulevard, Jackson Heights, New York 11372 (collectively the "Restaurants").

Defendants operate the Restaurants as a single integrated enterprise within the meaning of the FLSA. The FLSA provides that the term, "[e]nterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all activities whether performed in one or more establishments . . . ." 29 U.S.C. § 203(r). The three elements to be satisfied are (1) related activities, (2) common control and (3) common business purpose. *See Brennan v. Arnheim & Neely*, 410 U.S. 512, 518 (1973); *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504 (S.D.N.Y. 1998) (Sotomayor, J.)).

2

A.    <u>**Related Activities**</u>

"Related activities" are those which are "the same or similar," or are "auxiliary or service activities." *Archie*, 997 F. Supp. at 525 (quoting 29 C.F.R. § 779.206(a)). Auxiliary and service activities include "all activities which are necessary to the operation and maintenance of the particular business, such as warehousing, bookkeeping, or advertising." *Id*. Business entities that provide "mutually supportive services to the substantial advantage of each entity" are operationally interdependent and may be treated as a single enterprise under the FLSA. *Id.*

- Defendants' active liquor licenses for the Restaurants reflect that the Individual Defendants are principals of Remedy Diner and Jax Inn. Attached hereto as **EXHIBIT B** are Defendants' active liquor licenses for the Restaurants reflecting the same.

- At all relevant times to this action, employees were and are interchangeable between the Restaurant locations. On occasions where work shifts were understaffed at either Restaurant, Defendants transferred employees between the two Restaurants to resolve staffing issues on an as-needed basis. *See* Declaration of Francisco Emeterio ("Emeterio Decl.") Emeterio Decl. ¶ 8.

Since the foregoing facts demonstrate "mutually supportive services to the substantial advantage of each entity," the first prong is satisfied.

B.    <u>**Common Control**</u>

"Control" is the power to "direct, restrict, regulate, govern, or administer the performance" of the related activities, and "common control" exists "where the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together." *Archie*, 997 F. Supp at 526 (quoting 29 C.F.R. § 770.221).

- As stated above, Defendants jointly operate the Restaurants and its employees. Individual Defendant PETER GIANNOPOULOS is listed as Plaintiff's "General Manager" on his Employee Handbook Receipt form. Attached hereto as **EXHIBIT C** is a copy of the same.

- Corporate Defendant A & P RESTAURANT CORP. d/b/a REMEDY DINER is listed on Defendants' 2012-2019 wage statements issued to Plaintiff. Attached hereto as **EXHIBIT D** is a copy of the same.

- Corporate Defendant A & P RESTAURANT CORP. d/b/a REMEDY DINER is listed on Defendants' weekly pay statement for Plaintiff, dated January 3, 2012. Attached hereto as **EXHIBIT E** is a copy of the same. Notably, while this document unequivocally states "REMEDY DINER" at the top of the page, along with the proper 245 East Houston Street address, the document also includes, just above the signature line, an indemnification provision regarding "Jax Inn Restaurant Corp. and its owners, past, present and future, now and forever." Furthermore, there is no parallel indemnification provision regarding the Remedy Diner Restaurant; however, there is a translated version, in Spanish, of the indemnification provision as to the Jax Inn Restaurant. Defendants provided the same or similar weekly pay statements that included the above indemnification provision to other Restaurant employees.

- The names of Corporate Defendant A & P RESTAURANT CORP. d/b/a REMEDY DINER and Individual Defendant PETER GIANNOPOULOS are included on each of Defendants' timekeeping records of Plaintiff's weekly total hours performed throughout 2018 and 2019. Attached hereto as **EXHIBIT F** is a copy of the same.

4

- Tipped and non-tipped employees at the Restaurants were subjected to the same unlawful timekeeping policies throughout their employment with Defendants. Emeterio Decl. ¶¶ 2–11.

Based on the common ownership of Defendants, and the collective management of their employees, Defendants satisfy this second prong of "common control."

C. **Common Business Purpose**

The common business purpose prong is satisfied because, as demonstrated above, Defendants collectively operated the Restaurants and managed all employees who worked at the Restaurants.

The foregoing establishes that Defendants operate the Restaurants such that they are collectively (1) engage in related activities, (2) exercise common control, and (3) serve a common business purpose. Because Defendants operate the Restaurants as a single integrated enterprise, this conditional collective certification is appropriate for employees of Defendants' Restaurants *See Machuca v. Villaggio Catering Corp.*, No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. Jan. 12, 2015) (granting plaintiffs' motion for FLSA collective certification for different stores based on common ownership, logo, menu and website on which defendants advertise all locations); *Juarez v. 449 Restaurant, Inc.*, No. 13 Civ. 6977, 2014 WL 3361765, at *4-5 (S.D.N.Y. July 2, 2014) (inferring that unlawful pay policies implemented at one store extended to other locations because all stores were run as an "integrated enterprise" with common ownership and same menu, décor and website).

### III.        PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS

Plaintiff FRANCISCO EMETERIO was employed by Defendants as a line cook at Remedy Diner. Emeterio Decl. ¶ 1. Plaintiff was employed from in or about January 2010 to on or around June 2019. *Id* ¶ 2.

Plaintiff suffered significant wage and hour violations. Emeterio Decl. ¶¶ 2–11. Plaintiff also personally observed other workers employed by Defendants suffering from the same policies. *Id.* Specifically, Plaintiff and all other non-exempt employees suffered from Defendants' policy of failing to pay proper wages for all hours worked, including the proper overtime thereof, due to Defendants' improper time-shaving and rounding policies, in violation of the FLSA. *Id.*

From the beginning of Plaintiff's employment to January 2018, Plaintiff and Covered Employees suffered from Defendants' policy of time-shaving and rounding of hours. Emeterio Decl. ¶¶ 2–7. Defendants time-shaved Plaintiff and Covered Employees by requiring Plaintiff and Covered Employees to perform off-the-clock work before the beginning of their scheduled work shifts, and also during their lunch breaks. *Id.* Due to Defendants' time-shaving and rounding practices, Defendants failed to pay proper wages, including the proper overtime premium, for all hours worked by Plaintiff and Covered Employees. Emeterio Decl. ¶¶ 2–7. Attached hereto as **EXHIBIT G** is a sample weekly hours timesheet and pay stubs issued by Defendants to Plaintiff for the week ending July 1, 2018. Attached hereto as **EXHIBIT H** is a sample of the same for the week ending January 13, 2019. **EXHIBITS G–H** illustrate that Defendants unlawfully rounded down Plaintiff's actual hours worked, resulting in uncompensated work, including unpaid overtime. Specifically, in **EXHIBIT G**, Plaintiff's time card indicates that he worked for a total of 57.41 hours or the week ending July 1, 2018. On the weekly pay summary just below Plaintiff's time card, Defendants stated that while Plaintiff was

scheduled to work fifty-six (56) hours for that week, he only worked fifty-three (53), ostensibly due to the automatic thirty (30) minute meal break deductions taken over the course of the week. However, even when accounting for this automatic meal break deduction of three (3) hours for the week, Defendants' represented number of 53 hours worked by Plaintiff is inaccurate and unlawfully rounded down. As evinced by Plaintiff's time card for the same week, the true total hours worked should be his 57.41 actually worked, less the automatic meal deductions of three hours, resulting in a total of 54.41 hours – which is 1.41 more hours than Defendants' stated total of 53 hours on Plaintiff's pay stub for the week ending July 1, 2018.

The exact same type of unlawful rounding by Defendants can also be found at **EXHIBIT H**. For this weekly pay period ending on January 13, 2019, Plaintiff's time card shows a total of 56.34 hours worked, yet Defendants' represented total on the pay stub just below states 55.5. Once again, Defendants unlawfully rounded down Plaintiff's hours for the week. Any policy of rounding employee hours that "result[s], over a period of time, in failure to compensate the employees properly for all the time they have actually worked" violates the FLSA. *See* 29 C.F.R. § 785.48(b); *Gordon v. Kaleida Health*, 299 F.R.D. 380, 405 n.25 (W.D.N.Y. 2014).

The values listed by Defendants in **EXHIBITS G–H** are also plainly contradicted by the weekly totals set forth in **EXHIBIT F**, which is intended to represent weekly summaries of Plaintiff's hours worked from April 2018 to May 2019. **EXHIBIT F** implausibly states that for every week between April 2018 and January 2019, Plaintiff worked exactly forty (40) hours, whereas from January 2019 through May 2019, Plaintiff worked exactly (45) each week. Yet in **EXHIBIT G**, Defendants stated that Plaintiff worked forty (40) regular hours, and thirteen (13) overtime, for a total of fifty-three (53); in **EXHIBIT H**, Defendants stated that Plaintiff worked

forty (40) regular hours, and twelve-and-one-half (12.5) overtime, for a total of fifty-two-and-one-half (52.5).

Furthermore, while the 2018-2019 weekly totals sheet in **EXHIBIT F** states that Plaintiff worked 45 hours for the week ending 1/13/19, it also indicates that Plaintiff was unlawfully compensated at a straight time rate. The gross pay listed on the 2018-2019 totals sheet is $675.00, but that number can only be reached by multiplying Plaintiff's regular pay rate of $15.00 by the 45 hours listed. And again, these hours and listed gross pay are inconsistent with the values listed on the corresponding pay stub for the week ending 1/13/19 in **EXHIBIT H**. *See also* **EXHIBIT E**, whereby Defendants similarly and unlawfully applied Plaintiff' straight time rate to all fifty-eight (58) hours worked that week, and which was paid in all cash. For that matter, Defendants have never provided any notice or explanation as to why he would periodically receive payments entirely in cash and/or check. And even within the four corners of the weekly pay stubs set forth in **EXHIBITS G–H**, Defendants fail to provide any reasoning or calculations supporting the distinction between Plaintiff's "Gross Check" and "Gross Cash" totals; if anything, they appear to be entirely arbitrarily set. Furthermore, they are again contradicted by the corresponding weekly totals in **EXHIBIT F**, which does not even acknowledge "Gross Cash" as a form of payment to Plaintiff.

Based on Plaintiff's personal observations and conversations with co-workers, all other workers employed by Defendants, similarly had their hours timeshaved and rounded. Emeterio Decl. ¶¶ 2–7. In his Declaration, Plaintiff lists six (6) co-workers, Maria "Last Name Unknown" (LNU), Mohammed LNU, Freddy LNU, Faustino LNU, Juan LNU, Raymundo LNU, Rogelio LNU, and "Papirin" LNU with whom he spoke or observed suffering from Defendants' policy of time-shaving and rounding of hours. Emeterio Decl. ¶ 2–7.

Through this Motion, Plaintiff seeks to represent a collective class of employees under the FLSA comprised of all non-exempt workers employed by Defendants in the last six (6) years. *See Garcia v. Chipotle Mexican Grill, Inc.*, 2016 U.S. Dist. LEXIS 153531, *27-29 (S.D.N.Y. Nov. 4, 2016) (this Court "conditionally certify[ing] this case as a citywide collective action . . . as to Plaintiff's time shaving claim under the FLSA."). *See Garriga v. Blonder Builders Inc.,* No. CV 17-497 (JMA) (AKT), 2018 U.S. Dist. LEXIS 171887 at *15–17 (E.D.N.Y. Sep. 28, 2018) (granting conditional collective certification for six (6) years from the date of the filing of the Complaint as "[m]ultiple courts in the Eastern District, including this Court have held that in some circumstances where a case involves both NYLL and FLSA claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims.") (internal citations omitted).

## IV.       PLAINTIFF IS SIMILARLY SITUATED AS COVERED EMPLOYEES

At all relevant times, Plaintiff worked as a line cook throughout his employment with Defendants. Emeterio Decl. ¶ 2. Based on Plaintiff's personal observations and direct conversations with his co-workers, other workers employed by Defendants similarly suffered from Defendants' common policy of failing to pay proper wages, including overtime, for all hours worked due to Defendants' policy of time-shaving. Emeterio Decl. ¶¶ 2–7. Due to Defendants' improper time-shaving and rounding practices, Plaintiff and FLSA Collective Plaintiffs are owed their proper wages for all hours worked, including those at the overtime premium for hours worked in excess of forty (40) hours per week. *Id.*

Plaintiff's allegations in the Complaint and Plaintiff's Declaration are sufficient to make a modest factual showing to support conditional certification. *See, e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's*

9

*Fishbox, Inc.*, No. 05 Civ. 10319, 2006 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and affidavits); *Jason v. Falcon Data Com, Inc.*, No. 09 Civ. 03990, 2011 WL 2837488 (E.D.N.Y. 2011) (certifying collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10678, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Plaintiff's Declaration attests to Defendants' common policies of FLSA violations. Plaintiff's own experiences and best knowledge based on his personal observations and conversations shared with Covered Employees sufficiently support their assertions that Defendants uniformly applied unlawful employment policies and compensation schemes to all Covered Employees. Emeterio Decl. ¶¶ 1–11.

Declarations by themselves should be sufficient because the Court at this point is not to ascertain their reliability, but whether they allege a common policy of violations. Courts in the Second Circuit have regularly granted conditional certification on the same or similar grounds. *See Khamsiri v. George. & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (granting conditional collective certification based on a single affidavit); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) (conditional collective certification was granted based on only one plaintiff declaration); *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 0002, 2008 U.S. Dist. LEXIS 81082, at *3–4 (S.D.N.Y Oct. 8, 2008) (granting conditional collective certification in a case with single plaintiff and no opt-ins). Here, Plaintiff has submitted a declaration with specific allegations regarding the manner in which he and Covered Employees were not paid for all their hours worked due to Defendants' unlawful time-shaving and rounding practices.

10

Plaintiff's allegations are not only supported by his own personal observations, but also by hearsay statements from Plaintiff's co-workers. Courts in this Circuit routinely afford weight to hearsay evidence in granting a plaintiff's motion for conditional certification. *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75, 2013 U.S. Dist. LEXIS 9739, at *1 (S.D.N.Y. Jan. 10, 2013); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 644 (S.D.N.Y. 2013) (citing *Moore v. Eagle Sanitation Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011)). "Such approach is consistent with the purpose of conditional certification which is only a preliminary determination as to whether there is a sufficient showing to warrant notice being sent to the purported collective class." *Winfield v. Citibank, N. Am.*, 843 F. Supp. 2d 397, 402–03 (S.D.N.Y. 2012). *See also Harhash v. Infinity West Shoes, Inc.*, No. 10 Civ. 8285, 2011 U.S. Dist. LEXIS 96880, at *3–4 (S.D.N.Y. Aug. 24, 2011) (granting conditional class certification in part based on plaintiffs' statements that they had spoken with or knew of other sales employees of defendants' shoe stores that complained of the same compensation policies); *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 352 (E.D.N.Y. 2012) (relying on the plaintiffs' allegations that three other delivery drivers for defendants' stores, who were identified only by first name, complained that they too were not paid for overtime hours).

## V.    ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve the distribution of notice to all Covered Employees because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. Based on the Complaint and Plaintiff's Declaration in support of this Motion, Plaintiff and Covered Employees worked as non-exempt employees, were similarly situated, and Defendants failed to pay wages for all hours worked due to their time shaving policy. Thus, they "together were victims of a common policy or plan that

violated the law." *Cuzco v. Orion Builders, Inc*., 477, F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

## A.   THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE

### i.   The Standard for Conditional Certification and Notice Is Lenient

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901, 2007 WL 1552511, at *11 (S.D.N.Y. Apr. 26, 2007); *Mentor v. Imperial Parking Sys.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007) (internal quotation omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated.*" *Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted; emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure v. Cent. Parking Sys. of N.Y.*,

No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *6 (S.D.N.Y. Sept. 28. 2007) (internal quotation omitted; alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321. Plaintiffs meet their burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carpet Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations." *Fasanelli*, 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); *Cuzco*, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *5 (S.D.N.Y. Nov. 29, 2005) (plaintiffs face only a very limited burden); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See, e.g.*, *Khalil*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (certifying collective action based upon complaint and one affidavit); *Zhao*, No. 01 Civ. 1297, 2001 WL 845000, at *2 (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval."

13

*Mazur*, 2005 WL 3240472, at *4 (internal quotation omitted); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated – which requires a more 'stringent' inquiry – is made later in the litigation process, after more thorough discovery." *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 91, 105 (S.D.N.Y. 2003); *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more rigorously"). Plaintiff in this case has easily met the lenient standard for certification and notice.

### ii.   The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice

Although Plaintiff is confident that he will successfully establish that Defendants failed to properly compensate him and the Covered Employees under the FLSA, a discussion of the underlying merits is unnecessary and inappropriate at this time: "the standard in this circuit is clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification." *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008); *see also, e.g.*, *Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*, 516 F. Supp. 2d at 322 ("To the extent that Defendants['] opposition relies on a detailed factual dispute about whether the Defendants maintained an 'illegal off-the-clock' policy, 'illegal tip retention' policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go to the merits of the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the conditional certification stage "the merits of a plaintiff's claims need not be evaluated"); *Lynch*

14

*v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (finding that "[t]he focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'"); *Hoffmann*, 982 F. Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine that, a definable group of 'similarly situated' plaintiffs can exist here."). Any merits-based argument "is an improper ground on which to base a denial of a motion to certify conditionally an FLSA collective action[.]" *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *20. Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiff is similarly situated based on the pleadings and any affidavits," *Fasaneilli*, 516 F. Supp. 2d at 321.

### iii.     Plaintiff Has Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiff has made far more than a modest factual showing that he and Covered Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and Declaration show that all Covered Employees were subject to the same compensation scheme. As such, if proven, these allegations establish that Defendants maintained illegal policies and practices that similarly affected all Covered Employees employed by Defendants.

### B.     <u>EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY</u>

Collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989);

*Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978); *Fasanelli*, 516 F. Supp. 2d at 323. The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

        **i.**      **Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes**

Expedited notice is critical in FLSA actions. Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt-in") to be covered by the suit. 29 U.S.C. § 216(b). The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256 (b). To ensure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs. *Hoffmann-La Roche*, 493 U.S. at 170. Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by." *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted). Thus, early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure*, 2007 U.S. Dist. LEXIS 74056, at *8 (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza*, 239 F.R.D. at 368 ("The court

is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the [FLSA]'s broad remedial purpose . . . promot[e] efficient case management . . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffmann*, 982 F. Supp. at 262 (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice. To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g.*, *Gjurovich*, 282 F. Supp. 2d at 104.

### C.   DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and contact information of potential collective members. *E.g., Lee*, 236 F.R.D. at 202; *Fasanelli*, 516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268. "Courts within this Circuit routinely grant plaintiff's motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a list of all Covered Employees in Excel format who were employed

by Defendants at any point in the six (6) years prior to the entry of the Order with the following information: names, titles, compensation rates, date of employment, last known mailing addresses, email addresses, and all known telephone numbers.

### D. THE PROPOSED NOTICE IS FAIR AND ADEQUATE

Attached hereto as **EXHIBIT A** is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt-in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the court." *Lee*, 236 F.R.D. at 202; *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action and should be adopted.

### E. NOTICE SHOULD BE TRANSLATED TO SPANISH

Given that many of the prospective plaintiffs in this case will be native Spanish speakers, Plaintiff believes that the goals of notice would be best served if the final approved notice that is provided to prospective class members also includes a Spanish language version. Sending notices in multiple languages has been approved in other cases in the Second Circuit. *See Cuzco*, 477 F. Supp. 2d at 634.

18

F.   **EQUITABLE TOLLING**

In ruling on the instant Motion, Plaintiff respectfully requests that the applicable FLSA statute of limitations not be tolled until such time that Plaintiff is able to send notice to potential opt-in plaintiffs. District Courts in this and other Circuits have increasingly granted a plaintiff's request for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of these types of cases. *See, e.g.*, *Ramos v. DNC Food Serv. Corp.*, 2020 U.S. Dist. LEXIS 96123, *29 (S.D.N.Y. June 1, 2020)  (finding that "[b]ecause [the certification] motion has been pending for several months . . . equitable tolling through at least until the date of this Opinion & Order is appropriate, and may be appropriate through the date of issuance of the Notice"); *Cabrera v. Stephens*, 2017 U.S. Dist. LEXIS 160044, 2017 WL 4326511, at *7 (E.D.N.Y. 2017) (holding that equitable tolling was appropriate to account for the time period needed for the court to issue a ruling on the conditional certification motion); *Jian Wu v. Sushi Nomado of Manhattan, Inc.*, 2019 U.S. Dist. LEXIS 127895 (S.D.N.Y. July 25, 2019) (collecting cases).

## VI.    CONCLUSION

The FLSA is a "uniquely protective," "remedial" and "humanitarian" statute. *See Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008). An express policy of the FLSA is "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202. The FLSA accordingly establishes a minimum wage, 29 U.S.C. § 206(a), "to secure for the lowest paid segment of the nation's workers a subsistence wage," *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 116 (1946). The FLSA also requires the payment of overtime compensation, 29 U.S.C. § 207, "to remedy the 'evil of overwork' by ensuring workers were adequately compensated for long hours, as well as by applying financial

19

pressure on employers to reduce overtime," *Chao*, 514 F.3d at 285 (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 576-78 (1942)). When an employer fails to comply with its obligations, the Act requires the employer to provide the statutorily mandated compensation "to insure restoration [of its employees] . . . to [the] minimum standard of well-being" contemplated by the Act. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707(1945). As such, in order to further the legislative intent, class certification in this case must be granted, particularly to protect the rights of immigrant workers who may fear retribution for asserting their rights in this current anti-immigration climate.

Dated: New York, New York                    Respectfully submitted,

      October 22, 2020

                                        By:    */s/ C.K. Lee*               

                                            C.K. Lee, Esq. (CL 4086)
                                            Lee Litigation Group, PLLC
                                            148 West 24th Street, Eighth Floor
                                            New York, NY 10011
                                            Tel: (212) 465-1188
                                            Fax: (212) 465-1181

                                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

20