**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FRANCISCO EMETERIO *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>                              Plaintiff,<br><br>v.<br><br>A & P RESTAURANT CORP. d/b/a REMEDY DINER, MODERN HOSPITALITY GROUP CORP. d/b/a JAX INN DINER, ANASTASIO GIANNOPOULOS, and PETER GIANNOPOULOS,<br><br>                              Defendants. | Case No.: 20-cv-00970<br><br>**Oral Argument Requested** |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Koutsoudakis & Iakovou Law Group, PLLC
Andreas Koutsoudakis, Esq.
90 Broad Street, 10th Floor
New York, New York 10004
Tel: (212) 386-7606
Fax: (332) 777-1884

*Attorneys for Defendants*

i

# **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT……………………………………………………...1

II. PROCEDURAL HISTORY……………………………………………………..……1

III. FACTUAL BACKGROUND…………………………………………………………2

      A. *Defendants time keeping policies………………………………………….*2

IV. STANDARD OF REVIEW…………………………………………………………...3

V. ARGUMENT………………………………………………………………………….4

    POINT I- PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THE DEFENDANTS ARE A SINGLE INTEGRATED ENTERPRISE……….……......4

    POINT II- PLAINTIFFS' MOTION FOR A COLLECTIVE CERTIFICATION SHOULD BE DENIED……………….....…………….……….…6

      A. *Plaintiff Has Failed to Satisfy the Standard for Conditional Certification* ………………………………….……….…………..6

      B. *Plaintiff Has Failed to Establish the Existence of a Common Policy, Practice of Scheme that Violates the FLSA*……….………...8

VI. CONCLUSION………………………………………………...…….…….………9

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Flores v. 201 West 103 Corp.,* 256 F.Supp.3d 433 (S.D.N.Y. 2017) ………...…………………..4

*Guan Ming Lin v. Benihana Nat'l Corp.,* 275 F.R.D. 165 (S.D.N.Y. 2011)……………………...3

*Jenkins v. TJX.,* 853 F.Supp.2d 317 (E.D.N.Y. 2012)…………………………………………….7

*Khereed v. W. 12th St. Rest. Grp. LLC,* No. 15 Civ. 1363 (PKC), 2016 U.S. Dist. LEXIS 16893 (S.D.N.Y. 2016)……………………………………………………………………5

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193 (S.D.N.Y. 2006)…………………………………..3

*Machuca v. Villaggio Catering Corp.,* No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. 2015) ……......5

*Malancea v. MZL Home Care Agency LLC,* 2019 U.S. Dist. LEXIS 33923, *1, 2019 WL 1025226 (E.D.N.Y 2019)………………………………………………….…….3

*Prizmic v. Armour, Inc.,* 2006 U.S. Dist. LEXIS 42627, *7, 2006 WL 1662614 (E.D.N.Y. 2006)………………………………………………………………………………...4

*Toure v. Cent. Parking Sys. of N.Y.,* No. 05 Civ. 5237, U.S. Dist. LEXIS 74056 (S.D.N.Y. 2007)……………………………………………………………...……………8

*Zivali v. AT&T Mobility, LLC,* 784 F.Supp.2d 456 (S.D.N.Y. 2011) ……..…………………..8


**Statute**                                                                                         **Page**

U.S.C. § 216(b)………………………………………………………………………………2, 3

## I. PRELIMINARY STATEMENT

Plaintiff Francisco Emeterio's (hereinafter "Plaintiff") Motion for Conditional Collective Certification (hereinafter "Motion") should be denied. Plaintiff seeks conditional collective certification of his claims under the Fair Labor Standards Act ("FLSA"), however the class Plaintiff pinpoints to represent is overbroad and it is disparate in that the category employees includes positions which also do not have a sufficient nexus—even with a single location let alone both. This includes all current and former non-exempt employees including line cooks, cooks, food preparers, stock persons, counter persons, porters, dishwashers, food runners, delivery persons, busboys, and servers, who worked at two separate and distinct restaurants, Remedy Diner (hereinafter "Remedy") and Jax Inn Diner (hereinafter "Jax Inn") during the last six (6) years. For all the reasons further set forth below, Plaintiffs motion should be denied in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff filed his Complaint on February 7, 2020, asserting two broad, *garden* variety, causes of action found in nearly all of the complaints filed by Plaintiffs' counsel, including: (1) violations of the FLSA including time shaving, overtime violations, unpaid wages (*See* SAC ¶¶ 40-53) and, (2) violations of the New York Labor Law ("NYLL") including, time shaving, unpaid overtime, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and cost and disbursements (*See* SAC ¶¶54-62). On May 20, 2020, Defendants filed their Answer (Docket No. 28) denying all of the Plaintiffs claims.

Plaintiff's Motion addresses only his FLSA claims[1] (*See* Plaintiff's Memorandum of Law in Support, at I(1)) (Docket No. 43) (*e.g.,* "[b]y this motion, Plaintiff seeks the following: (1) Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b) on behalf of Covered Employees;…"). Discovery remains ongoing in this action with the deadline extended to March 1, 2021, by order dated October 26, 2020 (Docket No. 47).

### III.  FACTUAL BACKGROUND

Defendants are two separate and distinct restaurants and entities, Jax Inn and Remedy. (*See* Affidavit of Peter Giannopoulos, **Ex. A**). Defendant, Peter Giannopoulos ("Peter"), is a working owner of both however, Defendant Anastasio Giannopoulos is an architect and is not involved in the operations of either business whatsoever.  Remedy is located at 245 E Houston Street, New York, New York 10002. Jax Inn is located at 72-12 Northern Boulevard, Jackson Heights, New York 11372. Both restaurants are run as completely separate and distinct enterprises, with entirely different management teams. Plaintiff was an employee of Remedy, and *only* Remedy, from 2014 to 2019. (*See* **Ex. A**).  Plaintiff never worked a single shift at Jax Inn, nor was Plaintiff ever asked to work at Jax Inn. (*See* **Ex. A**). In fact, Plaintiff has never even stepped foot in Jax Inn. Most importantly, no employee of either Jax Inn or Remedy ever work at more than one of the two, nor does any employee of one interact with any employee of the other.

#### A.  *Defendants Time Keeping Policies*

Defendants, Remedy and Jax Inn, like many other restaurants, requires all non-exempt employees, including all potential class members, to record their time using a timecard and punch clock at the beginning and end of each shift. (*See* Employee Affidavits, **Ex. B**). Defendants maintain a lawful policy upon which they pay employees for all hours worked including spread of

---

[1] Plaintiff does not seek conditional class certification of his state law claims under Fed. R. Civ. P. 23 ("Rule 23").

hours and overtime pay.

Despite the policies that are in place at Remedy, many employees often fail to properly maintain their timecards. Even worse, Plaintiff in this action has been caught on camera altering his timecards to reflect more hours than he actually worked, which is the reason he was terminated. Moreover, many employees arrive before their scheduled shift, clock in, but do not begin work until their scheduled shift begins.

Most importantly, both Remedy and Jax Inn kept, and continue to keep, complete records of their timekeeping policies as well as their payment policies, which are signed by each employee, every week, acknowledging that the payment they received was correct. (*See* **Ex. A and Ex. B**). Defendants have provided the Plaintiff with an abundance of records reflecting their proper and detailed time records, which has left Plaintiff trying to manipulate a claim for all potential class members, which does not actually exist.

### IV.   STANDARD OF REVIEW

Pursuant to U.S.C. §216(b), an employee may bring a collective action "for and on behalf of himself…and other employees similarly situated." This court applies to a two-step analysis to determine whether certification of a collective action under the FLSA is appropriate. *Malancea v. MZL Home Care Agency LLC*, 2019 U.S. Dist. LEXIS 33923, *1, 2019 WL 1025226 (E.D.N.Y 2019). The first step the is "looking into the pleadings and affidavits to determine whether plaintiffs have satisfied the minimal burden of showing that the similarly situated requirement is met." *Lee v. ABC Carpet & Home,* 236 F.R.D. 193 (S.D.N.Y. 2006). Although "similarly situated" is not defined by the FLSA, courts have widely determined that "the applicable test is whether the plaintiffs have established a sufficient 'factual nexus' between their situation and the situation of other putative class members." *Guan Ming Lin v. Benihana Nat'l Corp.,* 275 F.R.D. 165 (S.D.N.Y.

2011) (denying plaintiffs' motion for collective action in part and finding that the "similarly situated" standard requires establishing that putative class "were together victims of a single decision, policy, or plan"). Conclusory allegations are not sufficient to establish that their situation is similar to putative class members. *Prizmic v. Armour, Inc.,* 2006 U.S. Dist. LEXIS 42627, *7, 2006 WL 1662614 (E.D.N.Y. 2006). "Absent such a showing, an employer may be 'unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense." *Id.* (internal citation omitted). A frivolous fishing expedition is exactly what faces this court here.

V.  **ARGUMENT**

**POINT I**

**PLAINTIFF'S HAVE FAILED TO ESTABLISH THAT DEFENDANTS ARE A SINGLE INTEGRATED ENTERPRISE**

Plaintiffs have made an abominable attempt to establish that Defendants are a single integrated enterprise. Although the Second Circuit has not expressly applied the integrated enterprise test in the FLSA context, "courts in the Circuit have found sufficient support for its application in the breadth of the FLSA's definition of an employer and the Second Circuit's interpretation thereof." *Flores v. 201 West 103 Corp.,* 256 F.Supp.3d 433 (S.D.N.Y. 2017) (internal quotations omitted). When determining whether multiple defendants constitute a single employer, "courts consider the following factors: (i) interrelation of operations; (ii) centralized control of labor relations; (iii) common management; and (iv) common ownership or financial control." *Id.* The factors that go into the existence of a single, integrated enterprise include, "common décor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across

different businesses." *Id. (*citing to *Khereed v. W. 12th St. Rest. Grp. LLC,* No. 15 Civ. 1363 (PKC), 2016 U.S. Dist. LEXIS 16893 (S.D.N.Y. 2016).

Plaintiff's relied on *Machuca v. Villaggio Catering Corp.*, No. 14 Civ. 3508, Dkt. No. 43 (E.D.N.Y. 2015), where the court granted Plaintiff's motion for a collective certification for two different stores based on the logo, menu and website for which Defendant's use to advertise. Here, Plaintiff has not brought forth any evidence of such commonality. As a matter of fact, both restaurants use and run completely separate websites, with completely separate logos, and different menu and prices which show no commonality at all**.** (*See* Printout of both Remedy and Jax Inn's website and logo, **Ex. C**). Moreover, Plaintiff has utterly failed to establish, or even attempt to establish, that any of the other *Khereed* factors are met. The only thing that Plaintiff does inadvertently establish is the clear-cut fact that Plaintiff is only an employee of Remedy, and that Jax Inn and Remedy are two separate and distinct enterprises as further established below. (*See* Declaration of Francisco Emeterio, Docket No. 45, ¶1).

Plaintiff relies on the fact that Defendant Peter Giannopoulos ("Peter") appears as the "General Manager" in the employee handbook of Remedy to establish that there is common control between the two enterprises. Plaintiff has brought forth no evidence which shows that Peter is also the General Manager of Jax Inn. Again, Plaintiff is relying on pure speculation in an attempt to establish his non-existent argument. Plaintiff also attempted to make a point by stating that Remedy is listed on Defendants' 2012-2019 wage statements (*See* Plaintiff's Memo of Law ¶ II(B)). Once again, no valid point has been made here to portray the common control of Remedy and Jax Inn, as Plaintiff was an employee of Remedy and therefore it is correct for his wage statements to reflect Remedy.

Plaintiff further attempts to make his point by alleging that Remedy is listed on Defendants'

weekly pay statement for Plaintiff, which again is correct practice, as the Plaintiff was an employee of Remedy. Plaintiff further stated that the indemnification provision on the weekly pay statement reflects "Jax Inn Restaurant Corp." This alone is insufficient to establish that Remedy and Jax Inn have common control as this could be contributed to a minuscule administrative error. Lastly, Plaintiff alleges that Remedy and Peter are included on each of Defendants' timekeeping records of Plaintiff's weekly total hours performed. Once again, this is completely correct as Plaintiff was an employee of Remedy. This is not sufficient to establish common control as Jax Inn is correctly not named any of the listed documents Plaintiff relies on.

For the reasons set forth above, Plaintiffs do not run a common enterprise and in fact, run two *separate and distinct* enterprises.

## POINT II

### PLAINTIFFS MOTION FOR A COLLECTIVE CERTIFICATION SHOULD BE DENIED

#### A. *Plaintiff Has Failed to Satisfy the Standard for Conditional Certification*

Plaintiffs have utterly failed to satisfy their burden for conditional certification. Plaintiff attempts to show that he, as a line cook, is similarly situated to line cooks, cooks, food preparers stock persons, counterpersons, porters, dishwashers, food runners, delivery persons, busboys and servers of two separate and distinct enterprises, this includes both tipped and non-tipped employees and even within those the full tip credit and lower tipped credit employees (i.e. servers and delivery persons respectively). (*See* Plaintiff's Memo of Law at Pg. 1). With no support beyond mere hearsay and conclusory statements, Plaintiff repeatedly claims that "[b]ased on [his] personal observations and conversations with co-workers, other employees were similarly and frequently required to perform work off the clock prior to the beginning of their scheduled shifts." *See*

Plaintiff's Declaration ¶6. Not a single affidavit or other form of support is provided beyond Plaintiff's Declaration.

First, Plaintiff's attempting to represent a class beyond Remedy employees, where he was employed, specifically attempting to represent Jax Inn employees, where he never worked or attempted to work. Plaintiff's unjustifiable claims that he spoke to employees (including Jax Inn employees) is virtually impossible as Plaintiff had never worked at Jax Inn at anytime. Therefore, Plaintiff's claim that Jax Inn employees are similarly situated is based on nothing more than his own unsupported speculation and is utterly unjustifiable.

Second, even when it comes to employees of Remedy, Plaintiff attempts to obtain certification on behalf of *all* employees at the restaurant, including tipped and non-tipped employees. Plaintiff is unaware of how others at Remedy are paid and has not provided any evidence to show whether he is aware of other employees' status as tipped, non-tipped, exempt, or non-exempt status. Plaintiff relies on his own conclusory statement that he personally observed Defendant's payment policies but fails to give specific conversations or examples of same. Plaintiffs cannot satisfy their burden simply by unsupported assertions. Several courts have denied Plaintiff's motion for conditional certification, whereas here, Plaintiff failed to meet their initial burden. In *Jenkins v. TJX Cos.,* the court denied a conditional certification due to the absence of any evidence that other employee's beyond Plaintiff's location were subject to alleged unlawful policies. The court noted that "[c]ertification at the conditional stage is not automatic." *Jenkins v. TJX.,* 853 F.Supp.2d 317 (E.D.N.Y. 2012). Here, at the very least, Plaintiff has completely failed to establish that employees beyond line cooks at Remedy, were subject to the same policies.

### B. *Plaintiff Has Failed to Establish the Existence of a Common Policy, Practice or Scheme That Violates the FLSA.*

Plaintiff repeatedly claims that Plaintiff is representing putative class members' rights and interests, and to promote judicial economy and effective case management. *See* Plaintiffs Memo of Law ¶V. In order to determine that Plaintiff is similarly situated to putative class members Plaintiff must establish that there is a "factual nexus between [plaintiff's] situation and the situation of the other current and former [employees]." *Toure v. Cent. Parking Sys. of N.Y.,* No. 05 Civ. 5237, U.S. Dist. LEXIS 74056 (S.D.N.Y. 2007). Plaintiff claims that *all* putative class members were subject to the same alleged "off-the-clock and time shaving" policies. Under these circumstances, an individualized inquiry into the nature and duration of this alleged off-the-clock work is required. This Court would need to take an individualized approach into the case of each individualized class member to determine whether each employee's time was reported, accounted for, or otherwise correctly paid by Defendants. Each of these individualized approaches would make collective action treatment wholly inappropriate in this case. *Zivali v. AT&T Mobility, LLC,* 784 F.Supp.2d 456 (S.D.N.Y. 2011) (holding that off-the-clock claims did not apply to a collective action certification). This is just a glimpse of the tedious and counterproductive task the court would have to take on to adjudicate the off-the-clock claims of every single employee, regardless of employer, job title, job description, and qualifications.

Even assuming that the court allows Plaintiff to bring off-the-clock claims on behalf of a putative class, Plaintiff failed to establish that putative class members are similarly situated. Plaintiff has never worked at Jax Inn. Accordingly, he has *no direct knowledge* of Jax Inn's practices or policies. Plaintiff's Declaration does not even mention the policies and practices of Jax Inn, rather it only mentions that Plaintiff worked alongside a cook that also worked at Jax Inn at some point, not simultaneously while also working at Remedy. (*See* **Ex. C**, ¶8). This conclusory

allegation is insufficient to establish that he was aware of the policies and practices of Jax Inn, and therefore, he cannot properly establish that he was similarly situated to any employee that worked at Jax Inn, let alone all of them.

Undoubtedly, Plaintiff has not established how Plaintiff is similarly situated to other employees at Remedy beyond those that are also cooks at Remedy. Plaintiff is unaware of how other employees, such as tipped employees, are paid, therefore, he cannot properly establish that they are similarly situated. Plaintiff has provided conclusory statements that based on his observations he is aware of the fact that other employees are facing the same time shaving policies as he is. It is unclear how Plaintiff has personal knowledge of such information if he is not in charge of payroll nor has he established that he has even *seen* other employee's pay records. The only thing that Plaintiff does allege is that other employees have told him that they are subject to the same policies. These conclusory statements are not supported by any further evidence, nor can they be. Plaintiff has not even provided an affidavit from any potential class members to support his claim of a common policy, practice or scheme.

As such, Plaintiff has failed to meet his burden of certifying this action as an FLSA collective action and therefore his Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs motion should be denied, and conditional certification of the putative class should not be granted.

- 10 -

Dated: New York, New York
       November 20, 2020

                                              Respectfully Submitted,

                                              **KOUTSOUDAKIS & IAKOVOU**
                                              **LAW GROUP, PLLC**

                                              /s/ Andreas Koutsoudakis
                                              By: Andreas Koutsoudakis, Esq. (AK4162)
                                              *Attorneys for Defendants*
                                              90 Broad Street, 10th Floor
                                              New York, NY 10004
                                              (O):   (212) 386-7606
                                              (D):   (212) 710-2607
                                              (E):   andreas@kilawgroup.com