UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCISCO EMETERIO *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>A & P RESTAURANT CORP. d/b/a REMEDY DINER, MODERN HOSPITALITY GROUP CORP. d/b/a JAX INN DINER, ANASTASIO GIANNOPOULOS, and PETER GIANNOPOULOS,<br><br>Defendants. | Case No.: 20-cv-00970<br><br>**Oral Argument Requested** |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

Koutsoudakis & Iakovou Law Group, PLLC
Andreas Koutsoudakis, Esq.
90 Broad Street, 10th Floor
New York, New York 10004
Tel: (212) 386-7606
Fax: (332) 777-1884

*Attorneys for Defendants*

I.    **PRELIMINARY STATEMENT**

Plaintiff Francisco Emeterio's (hereinafter "Plaintiff") Motion for Conditional Collective Certification (hereinafter "Motion") should be denied. Plaintiff requested leave to supplement his Memorandum of Law in Support of Plaintiff's Motion for Conditional Certification with portions of deposition testimony that allegedly support his claim. On December 7, 2020, the court granted the request along with granting Defendant leave to also supplement their brief in opposition. Defendants hereby incorporate the Statement of Facts, Procedural History, and Standard of Review from their Memorandum of Law in Opposition (Docket #55). For all the reasons further set forth below, Plaintiff's Motion should be denied in its entirety.

II.   **ARGUMENT**

**POINT I**

**DEFENDANT'S TESTIMONY DOES NOT ESTABLISH THAT DEFENDANTS OWN AND OPERATE THE RESTAURANTS AS A SINGLE INTEGRATED ENTERPRISE.**

Plaintiff continues to make a leaping attempt at establishing that Defendants run a single, integrated enterprise merely because there are common shareholders. When determining whether multiple defendants constitute a single employer, "courts consider the following factors: (i) interrelation of operations; (ii) centralized control of labor relations; (iii)common management; and (iv) common ownership or financial control." *Id.* Some factors that go into the existence of a single, integrated enterprise include, "common décor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses." *Id. (*citing to *Khereed v. W. 12th St. Rest. Grp. LLC,* No. 15 Civ. 1363 (PKC), 2016 U.S. Dist. LEXIS 16893 (S.D.N.Y. 2016).

In Plaintiff's Supplemental Memorandum of Law in Support of Plaintiff's Motion for a

Conditional Collective Certification ("Plaintiff's Supplemental Memo of Law") Plaintiff relies on the broad and inconclusive factors to establish that Defendants are a single, integrated enterprise.

First, any reasonable person involved in the restaurant industry knows that many of the items listed by Plaintiff in support of Plaintiff's argument are actually common throughout **all** restaurants, regardless of ownership or control. Plaintiff's argument that Peter and Anastasios both own at least eighty (80%) percent of both Jax Inn and Remedy should hold no bearing as to whether the restaurants are a single-integrated enterprise, as this alone is not sufficient evidence to establish that the restaurants operated as a singled integrated enterprise.

Moreover, New York State **requires** that all employees take meal breaks, which are thereby deducted from their pay. This is common practice and required of New York restaurants and therefore should not have any bearing on the issue of determining whether the restaurants were a single integrated enterprise. If this were to be considered, all restaurants would appear to be a single integrated enterprise as they all must account for meal breaks.

In *Huer Huang v. Shanghai City Corp.*, this court found that even though the restaurants in question shared a single website that listed their locations and menus, and that one individual was a fifty (50%) shareholder of two entities, there were no sufficient allegations of the interrelation of operations or centralized control of labor relations sufficient to allege that they were a single integrated enterprise. Plaintiffs used allegations that one of the common owners "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payments, and (4) maintained employee records for [each of the locations]. *Huer Huang v. Shanghai City Corp.,* 459 F.Supp.3d 580 (S.D.N.Y. 2020). The Court found that these allegations together *or* alone are insufficient to find that the restaurants were run as a single integrated enterprise.

In the case at hand, Plaintiff attempts to use the fact that employees can go to Peter with questions, and that Peter possessed ultimate authority over employee issues to establish that Remedy and Jax Inn are a single integrated enterprise. Consistent with the ruling in *Huer Huang v. Shanghai City Corp.*, this together *or* alone is inconsistent to establish that the restaurants are run as a single integrated enterprise. Even further, here, the restaurants have **<u>separate and distinct</u>** websites, menus, phone lines, décor, social media accounts, and storage facilities.

Therefore, for the reasons set forth above and consistent with this Courts recent decision, Jax Inn and Remedy should not be considered a single integrated enterprise.

## POINT II

### PLAINTIFFS MOTION FOR A COLLECTIVE CERTIFICATION SHOULD BE DENIED

Plaintiff has provided no further evidence to support his claim that Plaintiff as a line cook is similarly situated to line cooks, cooks, food preparers stock persons, counterpersons, porters, dishwashers, food runners, delivery persons, busboys and servers of two separate and distinct enterprises. (*See* Plaintiff's Memo of Law at Pg. 1).

Plaintiff once again attempts to mischaracterize the deposition testimony in order for it to appear more favorable, when in reality the testimony provides no further support to Plaintiffs baseless argument. "Although a plaintiff's factual showing is modest, it cannot be satisfied by unsupported assertions or conclusory allegations." *Taveras v. D & J Real Estate Management II, LLC,* 324 F.R.D. 39 (S.D.N.Y. 2018). In the *Taveras* case, this court found that where the Plaintiff did not explain specifics of any conversations with other employees, and they did not explain how they had the opportunity to observe the regular works schedules of employees at other locations, the allegations were too conclusory to establish the others were similarly situated. *Taveras v. D & J Real Estate Management II, LLC,* 324 F.R.D. 39 (S.D.N.Y. 2018).

Plaintiffs attempt to rely on the fact that Peter stated in his deposition that he treated the Plaintiff the same or as fairly as he would treat other employees to conclude that others in the restaurant were similarly situated. This vague and conclusory statement utterly fails to establish that employees from both restaurants were similarly situated and subject to the same unlawful policies. Plaintiff certainly made no connection to the

The fact that Plaintiff invoked his fifth amendment right has absolutely no bearing on the allegations brought under the NYLL and FLSA. The information being sought by the Plaintiff were, and remain, completely irrelevant to the issue at hand which is a conditional collective certification.. Therefore, those portions of Plaintiffs Supplemental Memo of Law should not be considered.

Plaintiff cannot satisfy his burden simply by unsupported assertions. "Certification at the conditional stage is not automatic." *Jenkins v. TJX.,* 853 F.Supp.2d 317 (E.D.N.Y. 2012). Here, at the very least, Plaintiff has completely failed to establish that employees beyond line cooks at Remedy, were subject to the same policies.

In order to determine that Plaintiff is similarly situated to putative class members, Plaintiff bears the burden of establishing that there is a "factual nexus between [plaintiff's] situation and the situation of the other current and former [employees]." *Toure v. Cent. Parking Sys. of N.Y.,* No. 05 Civ. 5237, U.S. Dist. LEXIS 74056 (S.D.N.Y. 2007). Plaintiff has provided no further support to establish that both tipped, non-tipped, back of the house, and front of the house employees were similarly situated. This Court would need to take an individualized approach into the case of each individualized potential class member to determine whether each employee's time was reported, accounted for, or otherwise correctly paid by Defendants. Each of these individualized approaches would make collective action treatment wholly inappropriate in this

case. Plaintiff has provided conclusory statements that based on his alleged observations, he knows that other employees are subject to the same time shaving policies. Now, Plaintiff has attempted to add the conclusive and unclear testimony of Peter to establish that all employees were treated equally. Plaintiff attempts to take a jump from those statements to establish that all employees were therefore subject to the same time-shaving and unlawful polices.

As such, Plaintiff has failed to meet his burden of certifying this action as an FLSA collective action and therefore his Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs motion should be denied, and conditional certification of the putative class should not be granted.

Dated: New York, New York
January 6, 2020

Respectfully Submitted,

**KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC**

/s/ Andreas Koutsoudakis
By: Andreas Koutsoudakis, Esq. (AK4162)
*Attorneys for Defendants*
90 Broad Street, 10th Floor
New York, NY 10004
(O): (212) 386-7606
(D): (212) 710-2607
(E): andreas@kilawgroup.com