UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
FRANCISCO EMETERIO, *on behalf of himself, FLSA* :
*Collective Plaintiffs and the Class*, :
: 20-CV-970 (JMF)
Plaintiff, :
: MEMORANDUM OPINION
-v- : AND ORDER
:
A & P RESTAURANT CORP., et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Francisco Emeterio brings claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against A & P Restaurant Corp., which does business as "Remedy Diner"; Modern Hospitality Group Corp., which does business as "Jax Inn Diner"; Anastasio Giannopoulous; and Peter Giannopoulous (together, "Defendants"). On October 22, 2020, Plaintiff moved for conditional certification of a FLSA collective action and for approval of notice. *See* ECF No. 42. With the filing of supplemental memoranda of law on December 22, 2020, and January 6, 2021, *see* ECF Nos. 74-76, the motion is now ripe for decision.

Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED. In particular, Plaintiff has carried his "low" burden at this stage of making a "modest factual showing" that he and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co.*, No.

11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "on [his] own pleadings, affidavits, [and] declarations" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008)); ECF Nos. 1, 45, 74-75.  Notably, Defendants do not seriously argue otherwise, at least to the extent that Plaintiff seeks preliminary certification of a collective action composed of non-tipped employees at Remedy Diner.  Instead, their primary arguments are that Plaintiff fails to show that Remedy Diner and Jax Inn Diner should be treated as a single integrated enterprise for purposes of the FLSA and that he fails to show that he is similarly situation to either tipped employees at Remedy Diner or to employees at Jax Inn Diner. Upon review of the parties' supplemental submissions, including the transcript of Peter Giannopolous's deposition, the Court disagrees.  More specifically, the deposition and Plaintiff's affidavit, taken together, establish that there is a plausible basis to treat the two restaurants as a single integrated enterprise for purposes of the FLSA and that there are common issues of fact and law with respect to the wage-and-hour policies applied to both tipped and non-tipped employees at both Remedy Diner and the Jax Inn Diner.

Accordingly, Plaintiff's motion for conditional certification of a collective action is GRANTED and Plaintiff's proposed collective action notice and "consent to sue" form, *see* ECF No. 43-1, which contemplate a sixty-day opt-in period for collective actions members, are approved.  Additionally, the Court orders as follows:

- Plaintiff's categorical request for equitable tolling of the statute of limitation is denied — without prejudice to an application from any opt-in plaintiff based on an individualized showing that tolling is warranted.  *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (holding that, where "equitable tolling may extend the statute of limitations for certain prospective plaintiffs . . . it is appropriate for notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date"); *accord Gomez*

- *v. Terri Vegetarian LLC*, No. 17-CV-213 (JMF), 2017 WL 2628880, at *2 (S.D.N.Y. June 16, 2017).

- As preliminary certification relates solely to the FLSA, Plaintiff's request for notice to be sent to all non-exempt employees employed by Defendants for the six-year period prior to the filing of the Complaint is denied.  Instead, notice shall be sent — accompanied by a Spanish translation — to all current and former non-exempt employees (including line cooks, cooks, food preparers, stock persons, counterpersons, porters, dishwashers, food runners, delivery persons, busboys, and servers), employed by Defendants for the *three* year period prior to the filing of the Complaint (collectively, the "Covered Employees").  *See, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice.  However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)).

- Defendants shall post notices — in English and Spanish — in a conspicuous non-public location at their place of business.  *See, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

- **Within ten days of this Memorandum Opinion and Order**, Defendants shall produce in Excel format the names, titles, compensation rates, dates of employment, last known mailing addresses, email addresses, and all known telephone numbers of all Covered Employees.  Defendants shall not, in the first instance, produce Social Security numbers of Covered Employees.  If a notice is returned as undeliverable, Defendants shall provide the Social Security number of that individual to Plaintiff's counsel.  Any Social Security numbers so produced will be maintained by Plaintiff's counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable.  All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed.  **Within fourteen days following the close of the opt-in period**, Plaintiff's counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete.  These procedures are sufficient to safeguard the privacy information of potential plaintiffs.  *See, e.g.*, *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

- **Within one week of this Memorandum Opinion and Order**, the parties shall file a joint letter advising the Court of any need to adjust pending deadlines in

3

light of this Memorandum Opinion and Order and submitting any proposed modifications.

The Clerk of Court is directed to terminate ECF No. 42.

SO ORDERED.

Date: January 12, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge