UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2022
```

| | |
|---|---|
| FRANCISCO EMETERIO,<br>*on behalf of himself, FLSA Collective Plaintiffs*<br>*and the Class*,<br><br>                                       Plaintiff,<br>-against-<br><br>A & P RESTAURANT CORP.<br>     d/b/a REMEDY DINER,<br>MODERN HOSPITALITY GROUP CORP.<br>     d/b/a JAX INN DINER,<br>ANASTASIOS GIANNOPOULOS,<br>and PETER GIANNOPOULOS,<br><br>                           Defendants. | Case No. 1:20-cv-00970 |

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2)
PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARD
RECIPIENTS' SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR
APPROVAL OF ATTORNEYS' FEES**

The Parties entered into a final settlement totaling $450,000 on August 11, 2021 in a

Settlement Agreement and Release, and Plaintiffs filed for preliminary approval of the settlement

on August 12, 2021, which, for settlement purposes only, Defendants did not oppose.  Declaration

of C.K. Lee in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final

Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶

14.

On August 16, 2021, this Court entered an Order preliminarily approving the settlement on

behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class

Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC

as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order").  Docket No. 124.

On January 10, 2022, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only, Defendants did not oppose.  That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Awards ("Motion for Service Awards").  The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on January 25, 2022.  No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees Costs and Expenses, the Motion for Service Awards, and the supporting declarations, the oral argument presented at the January 25, 2022 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the January 25, 2022 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2.     This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3.     Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of

any objections from Class Members to such certification.

4.      Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5.      The Court confirms as final the appointment Shahed Ahmed, Jesus Borja, Pedro Deleg, Francisco Emeterio, Florencio A Mandarin, Mohammed Sohel Rana, Ignacio Tula, and Nickolas Vastardis, as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6.      The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7.      The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. On September 15, 2021, the administrator, Arden Claims Service, mailed CAFA notices to the appropriate federal and state officials, more than  ninety (90) days have passed, and no comment or objection has been received from any government official with regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement is now appropriate.  *See* 28 U.S.C. §1715(d), (e)(2); *see also In re Processed Egg Products Antitrust Litigation*, 284 F.R.D. 278, 287 n.10 (E.D.Pa. 2012) (granting final approval of the class action settlement after order of approval held in abeyance until the expiration of the 90-day notice period, and holding that "although the notice requirements under CAFA have not been fully met on a technical basis, the substance of the requirements have been satisfied insofar as giving federal and state officials sufficient notice and opportunity to be heard concerning the [settlement].") (citing *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F. R.D.  59, 80 (E.D.N.Y. 2008).

8.      The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

9.      Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein.   The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order.   The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

10.      The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation.   *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

11.      The settlement is also substantively fair.   All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.   *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).   Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation.

*Grinnell*, 495 F.2d at 463.

12.     The Court also finds that the class' reaction to the settlement was positive, as no Class Member objected to the settlement.

13.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

14.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel their requested fees of $150,000, one-third of the Settlement Fund, plus additional costs and expenses of $8,481.19, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.   The Court finds Class Counsel's hourly rates to be reasonable.

15.     The Court approves and finds reasonable the service awards totaling $30,000 (Francisco Emeterio $10,000; Florencio A Mandarin, Ignacio Tula, Jesus Borja and Pedro Deleg $5,000 each), in recognition of the services each Service Award Recipient rendered on behalf of the class.   These amounts shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement and Release.

16.     The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $20,000, which shall be paid by or on behalf of Defendants,

out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

17.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims.  Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

18.     This Order will remain conditional and will not be deemed final until Plaintiffs' counsel confirms to the Court that Defendants have fulfilled their payment obligations under the Settlement Agreement.  Upon such confirmation by Plaintiffs' counsel, the Court will dismiss this action with prejudice and close the case.

19.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED, January 26, 2022

_____
    The Honorable Katharine H. Parker
    United States Magistrate Judge